IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
BRAD D. CORREA and KERI L. CORREA,     )
                                       )
    Plaintiffs,                        )
                                       )
v.                                     )   Case No. 10-10592-GAO
                                       )
DEUTSCHE BANK NATIONAL TRUST           )
COMPANY, AS TRUSTEE FOR SOUNDVIEW      )
HOME TRUST 2006-EQ1,                   )
                                       )
    Defendant.                         )
_____)

## OPPOSITION TO MOTION TO DISMISS

Defendant Deutsche Bank National Trust Company, as Trustee for the registered holders of Soundview Home Loan Trust 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1 ("DB"), slightly misidentified in the caption, submits this opposition to Plaintiffs' motion to dismiss. [Document No. 19]. While DB agrees that this Court should now dismiss this case, anything less than a dismissal **with prejudice** would be inappropriate and a tacit endorsement of Plaintiffs' now admitted fraud.

ARGUMENT

After filing a Complaint containing knowingly false assertions and manipulated evidence; after knowingly filing false affidavits; and after forging the bank checks, bank statements, mortgage statements, and mortgage correspondence attached to their Complaint, Plaintiffs incredibly ask this Court to dismiss their Complaint without prejudice. They also inexplicably attempt to justify their malfeasance and fraud by half-heartedly asserting that the servicer of their loan – Ocwen Loan Servicing LLC - is some how to blame for their

misconduct and that some of the papers filed in support of DB's motion for sanctions are not authentic. See Plaintiffs' Opposition to Motion for Sanctions. Ocwen has consistently maintained that the payments purportedly, but now admittedly never made, were never made to Ocwen or the prior servicer and Ocwen conveyed this information to Plaintiffs and their counsel multiple times. Ocwen and DB's position has never changed. Apparently, Plaintiffs' defensive contention now is that it took Ocwen and DB too long to identify and prove the Plaintiffs' fraud. Moreover, DB, attaches herewith as Exhibit A an affidavit from the prior servicer, which authenticates the records that Plaintiffs semi-seriously purport to challenge.

While DB whole-heartedly agrees that Plaintiffs' Complaint should be dismissed without any further delay, any dismissal must be made with prejudice. Plaintiffs have committed a demonstrable fraud on this Court by prosecuting claims based entirely on altered, manipulated, and fraudulent evidence. They now concede the same. Plaintiffs' fraud has caused DB and Ocwen to 1) expend nearly $10,000.00 in fees litigating this case; 2) sustain losses from stalling the foreclosure while not receiving any monthly mortgage payments; and 3) having to front escrow for taxes during the pendency of the case, all while the Plaintiffs, upon information and belief, continue to collect rent from the multi-family property at issue. Because there is absolutely no factual support for Plaintiffs' case, DB should never have been forced to incur attorneys' fees or costs. Thus, the question for this Court is not whether to sanction Plaintiffs, but rather to determine the scope of the sanctions and whether to hold Plaintiffs' counsel jointly responsible for the fraud and Rule 11 violations, which they knew or should have known existed.

For the reasons set forth more fully in DB's motion for Rule 11 sanctions, as well as DB's opposition to Plaintiffs' motion to continue and opposition to Plaintiffs' counsel's motion to withdraw, this Court should award the following:

1. Award DB its costs and fees in defending this action with Plaintiffs and their counsel jointly and severally responsible;

2. Order Plaintiffs to forfeit any and all rents received from tenants of the Property during the pendency of this case;

3. Dismiss Plaintiffs' case with prejudice;

4. Any other such relief that this Court deems just and proper

CONCLUSION

DB respectfully requests that this Court dismiss Plaintiffs' Complaint **with prejudice** and order appropriate sanctions against Plaintiffs and their counsel.

> Respectfully submitted,
>
> Deutsche Bank National Trust Company, as Trustee for the registered holders of Soundview Home Loan Trust 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1,
>
> By its Attorneys,
>
> */s/ David E. Fialkow*
> David E. Fialkow (BBO #666192)
> david.fialkow@nelsonmullins.com
> Jeffrey S. Patterson (BBO #671383)
> jeffrey.patterson@nelsonmullins.com
> Nelson Mullins Riley & Scarborough LLP
> One Boston Place, 40th Floor
> Boston, Massachusetts 02108
> (617) 573-4700
> (617) 573-4710 (fax)

Dated: August 5, 2010

## **CERTIFICATE OF SERVICE**

      I, the undersigned, of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Defendant do hereby certify that I have served plaintiffs' counsel in this action with a copy of the paper(s) herein below specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address:

Dated: August 5, 2010                                   /s/ David E. Fialkow